**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ENWELIM REGINALD MEKEA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 95-1997

On Petition for Review of an Order
of the Immigration & Naturalization Service.
(A91-676-980)

Submitted: February 6, 1996

Decided: February 26, 1996

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael B. Schwartz, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Charles E. Pazar, Senior Litiga-
tion Counsel, Kristin A. Cabral, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Enwelim Mekea ("Mekea") petitions for review of an order of the Board of Immigration Appeals ("the Board") dismissing his appeal. For the reasons set forth below, we affirm.

Mekea is a citizen of Nigeria. On September 23, 1992, Mekea pled guilty to two separate counts of misuse of a credit card. The first count concerned Mekea's use of another person's credit card to purchase a watch at a department store. The offense underlying the second count occurred within a few days of the first. That offense involved Mekea using a different credit card, also not his, to rent a car. Based on these convictions, the Immigration and Naturalization Service instituted deportation hearings pursuant to section 241(a)(2)(A)(ii) of the Immigration and Naturalization Act ("INA"), which provides for the deportation of aliens who are convicted of two or more crimes involving moral turpitude.

At his deportation hearing, Mekea contended that he was not deportable because his crimes occurred within a single scheme of criminal conduct. The Immigration Judge ("IJ"), however, found that Mekea had committed two separate offenses which were not part of a single scheme and, thus, Mekea was deportable under section 241(a)(2)(A)(ii) of the INA.

Mekea appealed the IJ's decision to the Board, contending that the crimes for which he was convicted arose out of a single scheme of criminal misconduct. The Board dismissed the appeal, concluding that the IJ properly found that Mekea was convicted of two crimes of moral turpitude not arising out of a single scheme.

2

Section 241(a)(2)(A)(ii) of the INA states that:

> Any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

8 U.S.C.A. § 1251(a)(2)(A)(ii) (West 1995). On appeal, Mekea claims that the Board's interpretation and application of the statutory language "not arising out of single scheme of criminal misconduct," was erroneous.

The Board of Immigration Appeals has interpreted the phrase "single scheme of criminal misconduct" as follows:

> when an alien has performed an act which, in and of itself, constitutes a complete, individual and distinct crime then he becomes deportable when he again commits such an act, provided he is convicted of both. The fact that one may follow the other closely, even immediately, in point of time is of no moment. Equally immaterial is the fact that they may be similar in character, or that each distinct and separate crime is a part of an overall plan of criminal misconduct.

In re D, 5 I & N Dec. 728, 729 (BIA 1954). The Board reaffirmed its adherence to In re D, in In re Adetiba, Interim Decision 3177, 1992 WL 195812 (BIA May 22, 1992)). We have previously concluded that this interpretation of the statute by the Board is reasonable and must be followed. Akindemowo v. INS, 61 F.3d 282, 286 (4th Cir. 1995).

Thus, applying the Board's interpretation to the facts of Mekea's case, it is clear that his crimes did not arise out a single scheme of criminal misconduct. Mekea's offenses occurred on two separate days. During each offense he was using a different credit card. Further, the offenses took place at two different businesses.

Accordingly, we affirm the Board's order. We dispense with argument because the facts and legal contentions are adequately presented

3

in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4